# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRICK HARRINGTON, | CASE NO. 1:05-CV-00624-OWW-LJO-P |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS |
| v. | |
| A. K. SCRIBNER, et al., | (Doc. 1) |
| Defendants. | |

I.  Screening Order

    A.  Screening Requirement

Plaintiff Garrick Harrington ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 11, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

  B.  Summary of Plaintiff's Complaint

The events at issue in this action allegedly occurred at California State Prison-Corcoran, where plaintiff is currently incarcerated. Plaintiff names Warden A. K. Scribner, Chief Deputy Warden M. E. Poulos, Associate Warden V. Yamamoto, Associate Warden D. D. Sheppard-Brooks, Correctional Captain R. R. Lowden, Correctional Lieutenant L. L. Wood, Correctional Sergeant Furholdt, and Correctional Officer D. Hicks as defendants. Plaintiff is seeking money damages and injunctive relief.

Plaintiff, black inmate, alleges that he and other black inmates were placed on lock-down on March 12, 2004, after a black inmate assaulted a staff member in the visiting room. Plaintiff alleges

///

that he has never had an infraction or a rules violation while incarcerated at Corcoran, and is not affiliated with any gang or disruptive group.

Plaintiff alleges that on April 1, 2004, a state of emergency was declared due to rioting between white and Southern Mexican inmates on facilities other than the one plaintiff was housed on. Plaintiff alleges that due to this state of emergency, he had to wear shower shoes and have his hands cuffed behind his back during escorts to the shower. Prior to the state of emergency, plaintiff was able to wear state issued boots or personal tennis shoes, both of which have non-skid soles. Plaintiff alleges that on April 17, 2004, white and Southern Mexican inmates were relieved of the handcuff and shower shoes restriction, but black inmates were not.

Plaintiff alleges that on April 30, 2004, a black inmate was escorted from the lower tier to the upper tier for a shower, despite the existence of a lower tier shower fifteen feet from the inmate's cell. Plaintiff alleges that the inmate slipped and fell, hitting his head on a food cart. After the incident, plaintiff requested unsuccessfully to be allowed to wear appropriate shoes during escorts to the shower.

On May 5, 2004, plaintiff was escorted in handcuffs and shower shoes to the upper tier shower by defendant Hicks, although there was a lower tier shower six to eight feet from plaintiff's lower tier cell. Plaintiff alleges that he slipped and fell in almost the same location as the other inmate, injuring himself. Plaintiff alleges that defendant Hicks knew of the danger but failed to protect plaintiff, and that defendants Furholdt, Wood, and Lowden knew of the hazard from the April 30 incident with the other inmate, but failed to take any remedial action to correct conditions, in violation of the Eighth Amendment. Plaintiff also alleges that defendants Yamamoto, Poulos, and Scribner violated the Equal Protection Clause by locking plaintiff down based solely on his race.

1.   <u>Eighth Amendment Conditions-of-Confinement Claim</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations are sufficient to give rise to a claim for relief against defendants Hicks, Furholdt, Wood, and Lowden based on the existence of conditions surrounding shower escorts that led to the injury of plaintiff. Fed. R. Civ. P. 8(a); Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002) (Ninth Circuit cases requiring heightened pleading of improper motive in constitutional tort cases where subjective intent is an element are inconsistent with federal system of notice pleading and are no longer good law).

        2.    Equal Protection Claim

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which

4

included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "[S]trict scrutiny applies to *all* racial classifications . . . ." Johnson v. California, 543 U.S. 499, 506 (2005) (emphasis in original).

Plaintiff's allegations that he was placed on lock-down on the basis of his race are sufficient to give rise to a claim for relief against defendants Yamamoto, Poulos, and Scribner for violation of the Equal Protection Clause. Although plaintiff also alleges that defendants' actions violated the Eighth Amendment, plaintiff's allegations do not support a claim that in discriminating against him, defendants acted with "deliberate indifference to a substantial risk of serious harm." Frost, 152 F.3d at 1128. The court finds this deficiency to be incurable, as allegations of intentional racial discrimination fall within the purview of the Equal Protection Clause, not the Cruel and Unusual Punishment Clause.

> 3.  Additional Claim Against Defendant Scribner

In addition to alleging a claim against defendant Scribner for denial of equal protection, plaintiff alleges that by placing him in a group of conspirators based on his race, defendant Scribner retaliated against him and violated his right to due process. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action

for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

The allegations set forth by plaintiff concerning intentional racial discrimination against him give rise to an equal protection claims. Plaintiff has alleged no facts that support additional claims that he was retaliated against by defendant Scribner and that he was deprived of a protected liberty interest without due process of law by defendant Scribner. Accordingly, the claim set forth in paragraph 52 of plaintiff's complaint is not cognizable.

      4. Claim Against Defendant Sheppard-Brooks

In his complaint, plaintiff alleges, "The actions of [defendant] Sheppard-Brooks of giving the directive to general Population Facilities (3B) without assuring whether this was a legitimate practice constituted [d]eliberate indifference and violation of due process by placing plaintiff in ASU conditions without charging him with any infraction or rules violation or affording him a hearing." (Comp., ¶50.) The court is unable to discern the precise basis of plaintiff's claim against defendant Sheppard-Brooks based on the vague allegation.

To the extent that plaintiff is attempting to state a claim for denial of due process based on his placement in administrative segregation, plaintiff has not alleged any facts that give rise to such a claim. The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation, see Hewitt, 459 U.S. at 466-68, and plaintiff has not alleged any facts that establish the existence of a liberty interest in remaining free from administrative segregation created by state law. Sandin, 515 U.S. at 484; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and

administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).  Because plaintiff has not established the existence of a liberty interest in remaining free from administrative segregation, plaintiff fails to state a claim upon which relief may be granted under section 1983 for deprivation of procedural due process.

With respect to an Eighth Amendment claim, "extreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotation marks and citations omitted).  Plaintiff has not alleged any facts that (1) support a claim that the general conditions in administrative segregation rose to the level of an Eighth Amendment violation, (2) link defendant Sheppard-Brooks to plaintiff's cognizable Eighth Amendment claim based on the incident in which he slipped and fell, or (3) some other event occurred or condition existed and defendant Sheppard-Brooks knowingly disregarded a substantial risk to plaintiff's safety with respect to the event or condition. Farmer v. Brennan, 511 U.S. 825, 837 (1994); Frost, 152 F.3d at 1128.

C.   Conclusion

The court finds that plaintiff's complaint contains cognizable claims for relief under section 1983 against defendants Hicks, Furholdt, Wood, and Lowden for violating the Eighth Amendment, and against defendants Yamamoto, Poulos, and Scribner for violating the Equal Protection Clause. However, the court finds that plaintiff's complaint does not contain any other claims upon which relief may be granted under section 1983.  With respect to plaintiff's state law claims, plaintiff has neither articulated a recognizable legal basis for his claims or alleged that he complied with the California Tort Claims Act, which requires that tort claims against a public entities or its employees be presented to the State Board of Control no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 945.4, 950-950.6; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing Snipes v. City of Bakersfield, 145 Cal.App.3d 861, 193 CalRptr. 760, 762 (Cal.App. 1983)); McQuoid v. Rubin, No. S-97-0325 MLS PAN, 1997 WL 1037884, *4

(E.D. Cal. 1997). The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed only against defendants Hicks, Furholdt, Wood, and Lowden on his Eighth Amendment claim and against defendants Yamamoto, Poulos, and Scribner on his equal protection claim, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims, and defendant Sheppard-Brooks, be dismissed from this action, and will forward plaintiff seven summonses and seven USM-285 forms to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Hicks, Furholdt, Wood, Lowden, Yamamoto, Poulos, and Scribner.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the court in this order, or

    b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Hicks, Furholdt, Wood, and Lowden on his Eighth Amendment claim and against defendants Yamamoto, Poulos, and Scribner on his equal protection claim; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated: March 1, 2006**         **/s/ Lawrence J. O'Neill**
b9ed48                UNITED STATES MAGISTRATE JUDGE