# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRICK HARRINGTON,<br><br>          Plaintiff,<br><br>     v.<br><br>A. K. SCRIBNER, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:05-cv-00624-OWW-LJO PC<br><br>ORDER THAT ACTION SHALL PROCEED ON PLAINTIFF'S EIGHTH AMENDMENT AND EQUAL PROTECTION CLAIMS AGAINST DEFENDANTS HICKS, FURHOLDT, WOOD, LOWDEN, YAMAMOTO, POULOS, AND SCRIBNER, AND DISMISSING CLAIMS AGAINST DEFENDANT SHEPPARD-BROOKS<br><br>(Doc. 18) |

I.   Screening Order

    A.   Screening Requirement

Plaintiff Garrick Harrington ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 11, 2005. On March 2, 2006, the court issued an order requiring plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on those claims the court had found to be cognizable in the order. Plaintiff filed an amended complaint on April 28, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
3  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
5  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
6  506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short
7  and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro.
8  8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is
9  and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a
10 complaint only if it is clear that no relief could be granted under any set of facts that could be proved
11 consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately
12 prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may
13 appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the
14 test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.
15 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
16 suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262
17 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a
18 plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal
19 interpretation of a civil rights complaint may not supply essential elements of the claim that were not
20 initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
21 Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

22      B.    Summary of Plaintiff's Amended Complaint

23      The events at issue in this action allegedly occurred at California State Prison-Corcoran,
24 where plaintiff is currently incarcerated. Plaintiff names Warden A. K. Scribner, Chief Deputy
25 Warden M. E. Poulos, Associate Warden V. Yamamoto, Associate Warden D. D. Sheppard-Brooks,
26 Correctional Captain R. R. Lowden, Correctional Lieutenant L. L. Wood, Correctional Sergeant
27 Furholdt, and Correctional Officer D. Hicks as defendants. Plaintiff is seeking money damages and
28 declaratory relief.

1   Plaintiff, black inmate, alleges that he and other black inmates were placed on lock-down on
2 March 12, 2004, after a black inmate assaulted a staff member in the visiting room. Plaintiff alleges
3 that he has never had an infraction or a rules violation while incarcerated at Corcoran, and is not
4 affiliated with any gang or disruptive group.
5   Plaintiff alleges that on April 1, 2004, a state of emergency was declared due to rioting
6 between white and Southern Mexican inmates on facilities other than the one plaintiff was housed
7 on. Plaintiff alleges that due to this state of emergency, he had to wear shower shoes and have his
8 hands cuffed behind his back during escorts to the shower. Prior to the state of emergency, plaintiff
9 was able to wear state issued boots or personal tennis shoes, both of which have non-skid soles.
10 Plaintiff alleges that on April 17, 2004, white and Southern Mexican inmates were relieved of the
11 handcuff and shower shoes restriction, but black inmates were not.
12   Plaintiff alleges that on April 30, 2004, a black inmate was escorted from the lower tier to
13 the upper tier for a shower, despite the existence of a lower tier shower fifteen feet from the inmate's
14 cell. Plaintiff alleges that the inmate slipped and fell, hitting his head on a food cart. After the
15 incident, plaintiff requested unsuccessfully to be allowed to wear appropriate shoes during escorts
16 to the shower.
17   On May 5, 2004, plaintiff was escorted in handcuffs and shower shoes to the upper tier
18 shower by defendant Hicks, although there was a lower tier shower six to eight feet from plaintiff's
19 lower tier cell. Plaintiff alleges that he slipped and fell in almost the same location as the other
20 inmate, injuring himself. Plaintiff alleges that defendant Hicks knew of the danger but failed to
21 protect plaintiff, and that defendants Furholdt, Wood, and Lowden knew of the hazard from the April
22 30 incident with the other inmate, but failed to take any remedial action to correct conditions, in
23 violation of the Eighth Amendment. Plaintiff also alleges that defendants Yamamoto, Poulos, and
24 Scribner violated the Equal Protection Clause by locking plaintiff down based solely on his race.

25     1.     Eighth Amendment Conditions-of-Confinement Claim
26   The Civil Rights Act under which this action was filed provides:
27     Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the deprivation
28      of any rights, privileges, or immunities secured by the Constitution .

3

>. . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations are sufficient to give rise to a claim for relief against defendants Hicks, Furholdt, Wood, and Lowden based on the existence of conditions surrounding shower escorts that led to the injury of plaintiff. Fed. R. Civ. P. 8(a); Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002) (Ninth Circuit cases requiring heightened pleading of improper motive in constitutional tort cases where subjective intent is an element are inconsistent with federal system of notice pleading and are no longer good law).

### 2. Equal Protection Claim

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio

4

School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "[S]trict scrutiny applies to *all* racial classifications . . . ." Johnson v. California, 543 U.S. 499, 506 (2005) (emphasis in original).

Plaintiff's allegations that he was placed on lock-down on the basis of his race are sufficient to give rise to a claim for relief against defendants Yamamoto, Poulos, and Scribner for violation of the Equal Protection Clause.

### 3.   Claims Against Defendant Sheppard-Brooks

In his amended complaint, plaintiff alleges, "The action of [defendant] Sheppard-Brooks who knew, or should have known that arbitrarily issuing this directive for the General Population when there was no procedural guidelines was proximately causal in creating the circumstances leading to the injury of the plaintiff." (Amend. Comp., ¶63.) The basis of plaintiff's claim against defendant Sheppard-Brooks arises from the allegation that the shower escort procedure, which consists of handcuffing inmates' hands behind their backs and requiring them to wear shower shoes, is applicable to inmates in Administrative Segregation and the Security Housing Unit, but may not be applied to general population inmates such as plaintiff without first following the procedures for the issuance of rules violations or infractions and hearings. (Id., 9:15-21.) Plaintiff alleges that the issuance of the directive to use the shower escort procedure without first ensuring personnel were equipped to competently and safety implement the procedure endangered plaintiff's personal safety, and that directive was applied without first providing him with procedural due process.

Defendant's decision to order that general population inmates be escorted to the showers while handcuffed and wearing shower shoes does not rise to the level of an Eighth Amendment violation. Plaintiff has not alleged any facts supporting a claim that defendant, in issuing the

decision, "[knew] of and disregard[ed] an excessive risk to [plaintiff's] safety." Farmer, 511 U.S. at 837. Although plaintiff is entitled to proceed against defendants based on their alleged knowledge that the floors were wet and slippery and presented a danger to inmates wearing shower shoes with their hands cuffed behind their backs, there are no facts alleged which support a claim that defendant was aware of these conditions and ignored them. Defendant's mandate that inmates wear shower shoes while being escorted to the shower handcuffed simply does not support a claim that defendant created a condition so extreme that it rose to the level of cruel and unusual punishment.

With respect to procedural due process, the Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

The Due Process Clause itself does not confer upon plaintiff protection against the action plaintiff is complaining of. Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, No. 04-15770, 2007 WL 400759, at *1 (9th Cir. Feb. 7, 2007). Plaintiff, as a general population inmate, does not have a protected liberty interest under state law in remaining free from the shower escort procedure utilized in Administrative Segregation and the Security Housing Unit, as the procedure does not constitute "atypical and significant hardship." Id. Therefore, plaintiff was not entitled to any procedural due process protection prior to being subjected to the shower escort procedure by defendant Sheppard-Brooks. These claims shall be dismissed from this action, with prejudice, for failure to state a claim upon federal law.

C.  Conclusion

The court finds that plaintiff's amended complaint contains cognizable claims for relief under section 1983 against defendants Hicks, Furholdt, Wood, and Lowden for violating the Eighth Amendment, and against defendants Yamamoto, Poulos, and Scribner for violating the Equal

Protection Clause. However, the court finds that plaintiff's complaint does not contain any other claims upon which relief may be granted under section 1983. Plaintiff was previously granted leave to amend but his amended complaint did not cure the deficiencies identified by the court in its prior order and the court finds that they are not curable by further leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY ORDERED that:

1. This action shall proceed on plaintiff's amended complaint, filed April 28, 2006, against defendants Hicks, Furholdt, Wood, and Lowden for violating the Eighth Amendment, and against defendants Yamamoto, Poulos, and Scribner for violating the Equal Protection Clause; and

2. Plaintiff's Eighth Amendment and due process claims against defendant Sheppard-Brooks are dismissed, with prejudice, for failure to state a claim under section 1983; and

3. Defendant Sheppard-Brooks is dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   February 9, 2007**            /s/ Lawrence J. O'Neill
b9ed48                                   UNITED STATES DISTRICT JUDGE