1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRICK HARRINGTON, | CASE NO. 1:05-cv-00624-OWW-GSA PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO STRIKE |
| v. | (Doc. 45) |
| A. K. SCRIBNER, et al., | ORDER DENYING DEFENDANTS' REQUEST FOR LEAVE TO FILE LATE |
| Defendants. | MOTION FOR SUMMARY JUDGMENT, WITHOUT PREJUDICE TO RENEWAL WITHIN THIRTY DAYS |
| | (Doc. 44) |

        Plaintiff Garrick Harrington ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's amended complaint, filed April 28, 2006, against Defendants Hicks, Furholdt, Wood, and Lowden for violating the Eighth Amendment, and against Defendants Yamamoto, Poulos, and Scribner for violating the Equal Protection Clause.

        Pursuant to the Court's scheduling order filed on July 9, 2007, the deadline for filing pretrial dispositive motions was May 14, 2008.  On May 19, 2008, Defendants filed a request for leave to file a late motion for summary judgment, along with the proposed motion.  In response, Plaintiff filed a motion to strike the request and motion for summary judgment on June 10, 2008.

        Parties are permitted to seek modification of a scheduling order to allow a late motion.  Fed. R. Civ. P. 16(b).  Therefore, Plaintiff's motion to strike the request is denied.  Further, because the

1

1   motion for summary judgment has not yet been accepted for filing, Plaintiff's motion to strike it is

2   denied.

3          "A scheduling order shall not be modified except upon a showing of good cause" and by

4   leave of court.  Fed. R. Civ. P. 16(b).  Modification of the pretrial scheduling order requires a

5   showing of good cause.  Id.  "The schedule may be modified 'if it cannot reasonably be met despite

6   the diligence of the party seeking the extension.'"  Zivkovic v. Southern California Edison Co., 302

7   F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607

8   (9th Cir. 1992)).  "If the party seeking the modification 'was not diligent, the inquiry should end' and

9   the motion to modify should not be granted."  Id.

10         In this instance, Defendants did not support their request with any evidence, did not make

11  a showing of due diligence, and did not offer any explanation for their failure to file the request on

12  or before May 14, 2008, as required under the Court's scheduling order.  Because Defendants have

13  not met their burden, their request must be denied.  The denial is without prejudice to renew it within

14  thirty days.

15         For the reasons set forth herein, it is HEREBY ORDERED that:

16         1.     Plaintiff's motion to strike, filed June 10, 2008, is DENIED; and

17         2.     Defendants' request for leave to file a late motion for summary judgment, filed May

18                19, 2008, is DENIED, without prejudice to renew it within **thirty (30) days**.

19

20

21     IT IS SO ORDERED.

22  **Dated:    December 12, 2008**                        **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28