# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRICK HARRINGTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. K. SCRIBNER, et al.,<br><br>　　　　Defendants.<br> | CASE NO. 1:05-cv-00624-OWW-GSA PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PRECLUDE DEFENDANTS FROM MOVING TO MODIFY THE SCHEDULING ORDER AND FOR DEFAULT<br><br>(Doc. 48)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A LATE OPPOSITION TO DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER<br><br>(Doc. 49)<br><br>ORDER DENYING DEFENDANTS' MOTION FOR MODIFICATION OF THE SCHEDULING ORDER TO FILE A LATE MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 47) |

　　　Plaintiff Garrick Harrington ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed April 28, 2006, against Defendants Hicks, Furholdt, Wood, and Lowden for violating the Eighth Amendment, and against Defendants Yamamoto, Poulos, and Scribner for violating the Equal Protection Clause.

　　　Pursuant to the Court's scheduling order filed on July 9, 2007, the deadline for filing pretrial dispositive motions was May 14, 2008. On May 19, 2008, Defendants filed a motion for leave to

1

file a late motion for summary judgment, along with the proposed motion. The Court denied the motion on December 12, 2008, on the grounds that Defendants did not support their motion with any evidence, did not make a showing of due diligence, and did not offer any explanation for their failure to file the motion on or before May 14, 2008, as required under the Court's scheduling order. The denial was without prejudice to renewal within thirty days.

On December 23, 2008, Defendants renewed their motion, supported by counsel's declaration. On December 29, 2008, Plaintiff filed a motion requesting that Defendants be precluded from moving to modify the scheduling order to allow for a late summary judgment motion and for default. On March 11, 2009, Plaintiff filed a motion for leave to file a late response to Defendants' December 23 motion to modify the scheduling order.

Plaintiff's March 11 motion is denied. Defendants' December 23 motion was deemed submitted when Plaintiff did not file an opposition or a statement of non-opposition within twenty-one days. Local Rule 78-230(m). Plaintiff has provided no explanation for his failure to previously timely oppose the motion, and Plaintiff has provided no explanation why he waited almost three months before seeking an extension of time.

Plaintiff's December 29 motion is also denied. Parties are permitted to seek modification of the scheduling order, as Plaintiff was previously informed. Fed. R. Civ. P. 16(b)(4). Defendants have the right to seek modification of the scheduling order, and Plaintiff has set forth no argument that would support precluding them from doing so. Further, Defendants are not in default. Fed. R. Civ. P. 55.

Finally, a scheduling order may be modified. However, modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). The prejudice to Plaintiff, if any, may be considered, but the focus is on Defendants' reasons for seeking the modification. Johnson, 975 F.2d at 609. If Defendants were "'not diligent, the inquiry should end' and the motion to modify should not be granted." Zivkovic, 302 F.3d at 1087 (quoting Johnson at 609).

2

Defendants have explained what happened to cause the delay in filing their motion. However, the scheduling order was issued more than ten months before. Defendants have not explained why there was inadequate time to comply or why they failed to file a motion seeking an extension of time prior to the motion deadline, as required by the scheduling order. The Court finds that under these circumstances, Defendants have not shown due diligence, and their motion to modify the scheduling order is denied.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a late opposition to Defendants' motion to modify the scheduling order, filed March 11, 2009, is DENIED;
2. Plaintiff's motion for an order precluding Defendants from filing a motion to modify the scheduling order and for default, filed December 29, 2008, is DENIED;
3. Defendants' motion for modification of the scheduling order to file a late motion for summary judgment, filed December 23, 2008, is DENIED; and
4. If any party wishes to seek reconsideration of any part of this order, the motion for reconsideration must be directed to the Honorable Oliver W. Wanger.

IT IS SO ORDERED.

Dated: **March 12, 2009**　　　　　　　　/s/ **Gary S. Austin**
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE