IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DERRICK HARRINGTON, | ) | No. CV-F-05-624 OWW/GSA PC |
| | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| | ) | REQUEST FOR RECONSIDERATION |
| Plaintiff, | ) | (Docs. 61 & 62) |
| | ) | |
| vs. | ) | |
| | ) | |
| A.K. SCRIBNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

By Order filed on March 30, 2009, the United States Magistrate Judge denied Plaintiff's motion for appointment of counsel.

On April 10, 2009, Plaintiff timely filed a Request for Reconsideration by District Court of Magistrate Judge's ruling.

Pursuant to Rule 72-303, Local Rules of Practice, a District Judge upholds a Magistrate Judge's ruling on a referred matter unless it is "clearly erroneous or contrary to law." *See* Rule 72(a), Federal Rules of Civil Procedure; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to a

Magistrate Judge's findings of fact. *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993). "A findings is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 622. The "contrary to law" standard allows independent, plenary review of purely legal determinations by the Magistrate Judge. *FDIC v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D.Cal.2000); *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *DeFazio v. Wallis*, 459 F.Supp.2d 159, 163 (E.D.N.Y.2006).

Plaintiff's request for reconsideration is DENIED.

Plaintiff makes no showing that the Magistrate Judge utilized an incorrect legal standard or otherwise abused his discretion. As the Magistrate Judge concluded, Plaintiff's case is not exceptional. Plaintiff's claim that his head injury makes it difficult for him to prosecute this action is belied by the number of motions filed by Plaintiff in this action since his injury. Plaintiff's claim that prison officials are delaying the delivery of legal mail and restricting his access to the prison law library was not raised to the Magistrate Judge. Nonetheless, if any such restrictions result in Plaintiff be unable to timely comply with Court schedules, Plaintiff may request an extension of time or relief from those schedules.

IT IS SO ORDERED.

**Dated:     April 16, 2009**                    /s/ Oliver W. Wanger
                                                 UNITED STATES DISTRICT JUDGE