```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF CALIFORNIA


GARRICK HARRINGTON,              )    1:05-cv-00624-OWW-GSA PC
                                 )
          Plaintiff,             )    ORDER GRANTING PLAINTIFF'S
                                 )    MOTIONS FOR THE ATTENDANCE
     v.                          )    OF TWO INCARCERATED
                                 )    WITNESSES
A. K. SCRIBNER, et al.,          )
                                 )    (Docs. 65 and 66)
          Defendants.            )
                                 )
```

This action, brought pursuant to 42 U.S.C. § 1983, proceeds on Plaintiff's amended complaint, filed April 28, 2006, against Defendants Hicks, Fuhlrodt, Woods, and Lowden for violation of the Eighth Amendment, and against Defendants Yamamoto, Poulos, and Scribner for violation of the Equal Protection Clause of the Fourteenth Amendment. This matter is set for jury trial on July 28, 2009, at 9:00 a.m. before the Honorable Oliver W. Wanger. On May 11, 2009, Plaintiff filed motions seeking the attendance of incarcerated witnesses Andrew Piazza and Blaine Applin. Defendants filed an opposition on June 4, 2009.

Plaintiff seeks the attendance of Andrew Piazza, who witnessed Plaintiff's slip and fall on May 5, 2004, and Blaine Applin, who witnessed the fall of inmate Oliver on April 30,

1

2004, and has knowledge of the conditions under which Plaintiff fell.  (Doc. 65, Harrington Dec., ¶3; Doc. 66, Harrington Dec., ¶¶3-5.)  Plaintiff states that neither witness is willing to voluntarily testify.  (Doc. 65, 2:4-5; Doc. 66, 2:2-3.)

Defendants oppose the motions on the grounds that the witnesses are not willing to testify voluntarily; Piazza's proposed testimony is unnecessary, irrelevant, and cumulative; and Applin's proposed testimony is speculative and irrelevant.[1]

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude the Court from ordering their transportation.  Rather, in determining whether to grant Plaintiff's motions for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. <u>Wiggins v. County of Alameda</u>, 717 F.2d 466, 468 n.1 (9th Cir. 1983); <u>see also</u> <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined),
///

---

[1] Defendants also argue that the motions are untimely.  In light of the prison mailbox rule, the motions appear to be timely, and Defendants' argument to the contrary is rejected.  <u>Douglas v. Noelle</u>, No. 06-35195, 2009 WL 1564235, *4-6 (9th Cir. Jun. 5, 2009).

1 *abrogated on other grounds by* <u>Sandin v. Conner</u>, 515 U.S. 472, 115
2 S.Ct. 2293 (1995).
3     Plaintiff attests that Piazza has firsthand knowledge of the
4 events on May 5, 2004, when Plaintiff fell.  While Plaintiff does
5 not state where Piazza was located, firsthand knowledge indicates
6 that Piazza saw the fall happen, making his testimony relevant.
7 Plaintiff attests that Applin has firsthand knowledge of the
8 conditions on April 30, 2004, when inmate Oliver allegedly fell,
9 and on May 5, 2004, when Plaintiff fell.  Given that the
10 allegedly hazardous condition of the wet floor is at issue and
11 caused two inmates to fall, Applin's proposed testimony is
12 relevant.
13     The Court has no information before it that either Piazza or
14 Applin pose any exceptional security risk, or that transport and
15 security are unduly burdensome.  Piazza is located at a prison
16 several hours away, and Applin is located at a prison
17 approximately one hour away, so extensive travel is not an issue.
18 Finally, Defendants stated in their pretrial statement that
19 Plaintiff is serving a life sentence, and the Court has no
20 information before it regarding the sentences of Piazza or
21 Applin.  Therefore, delaying the trial is not an option.
22     Based on the proposed testimony of the witnesses, both of
23 whom allegedly witnessed events or conditions relevant to
24 Plaintiff's claims, Plaintiff's motions for the attendance of
25 incarcerated witnesses, filed May 11, 2009, are HEREBY GRANTED,
26 ///
27 ///
28 ///

1 | and orders directing the transportation of Plaintiff and his two
2 | inmate witnesses will be issued closer to the trial date.

IT IS SO ORDERED.

Dated: **June 12, 2009**           /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE